IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DALE BRYANT,                                                                                                PLAINTIFF
ADC #99472

v.                                              5:12CV00226-SWW-JTK

RAY HOBBS, et al.                                                                                     DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel (Doc. No. 112). Defendants filed a Response in opposition to the Motion (Doc. No. 117).

In his Motion, Plaintiff complains that Defendants will not provide him with copies of his medical records, and will not provide him access to his medical records in 1996. Plaintiff claims that Defendant Simmons changed a medication prescribed to him in 1996, which has resulted in harm, and that he needs the medical records to prove his claim. Defendants object to Plaintiff's request, stating that Plaintiff stated in his Complaint that his problems started in June, 2011, and that medical records prior to that time period are irrelevant to his claim. They also note that Plaintiff failed to exhaust his administrative remedies with respect to the medication claim against Defendant Simmons, which they will move to dismiss in a future summary judgment motion. They also state that production of records from 1996 would be unduly burdensome, overly broad, and irrelevant to his claims. Plaintiff has been permitted to review his medical records from the past few years and Defendants have arranged for Plaintiff to review his records for extended periods of time.

Having reviewed the Motion and Response, the Court finds that it should be denied. Defendants have permitted, and indicate they will continue to permit, Plaintiff to review his medical records. Plaintiff himself acknowledged in his Motion that ADC policy prohibits inmates from

possessing copies of their medical records, for security purposes. In addition, it appears that the records from 1996 are irrelevant to Plaintiff's current claims, especially if Plaintiff failed to exhaust his administrative remedies. See 42 U.S.C. § 1997e.

Plaintiff also asks for training records and written "acknowledgments of reading/receiving/understanding of Policies/Procedures/Memorandums/Training" for seven of the medical Defendants. (Doc. No. 112, p. 8.) He states such is relevant to determining if a lack of training was responsible for Defendants' actions of deliberate indifference. Defendants again object, stating that personnel records are not relevant to whether their actions constituted deliberate indifference to Plaintiff's serious medical needs. In addition, they note that they cannot be held liable under § 1983 for the violation of policies, and that internal policies and directives do not themselves create a constitutional right, citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996).

The Court agrees with Defendants that such records are irrelevant to proving whether their conduct constituted deliberate indifference to Plaintiff's serious medical needs. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel (Doc. No. 112) is DENIED.

IT IS SO ORDERED this 27th day of June, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE